UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PATRICIA A. STRANGE, and KENNETH STRANGE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:17-CV-246-TAV-HBG |
| PROSLIDE TECHNOLOGY, INC., and VAN STONE CONVEYOR, INC., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Quash [Doc. 32], filed by The Dollywood Company. Defendant Van Stone Conveyor, Inc., and Plaintiffs filed Responses [Docs. 35, 39] to the Motion. The Motion is now ripe for adjudication. Accordingly, for the reasons more fully set forth below, the Motion to Quash [**Doc. 32**] is **DENIED**.

**I. BACKGROUND**

Plaintiffs filed a Complaint on June 8, 2017, [Doc. 1] and later filed a First Amended Complaint [Doc. 20] on December 12, 2017. In their First Amended Complaint, Plaintiffs allege that on June 9, 2016, Plaintiff Patricia Strange was seriously injured as she was attempting to board the RiverRush water coaster at Dollywood Splash Country in Pigeon Forge, Tennessee. [Doc. 20 at ¶ 7]. Plaintiffs state that Defendant ProSlide Technology, Inc., is the designer, manufacturer, distributor, and seller of the RiverRush water coaster. [*Id.* at ¶ 10]. Plaintiffs further allege that

Defendant Van Stone Conveyor, Inc., distributed and/or sold the conveyor belt system used on the RiverRush water coaster. [*Id.* at ¶ 15].

Plaintiffs state that according to the instructions posted in the boarding area of the RiverRush water coaster, the rider in the front of the raft (where Plaintiff Patricia Strange was situated), must extend his/her legs over the front of the boat. [*Id.* at ¶ 19]. As the raft moved through the boarding area, Plaintiff Patricia Strange's right foot got caught between the conveyor belts and onto moving metal parts and/or rollers, which seized and crushed her right foot. [*Id.* at ¶ 20]. Plaintiff Patricia Strange remained in this helpless and agonizing state for at least fifteen minutes. [*Id.*]. Plaintiffs allege that a Dollywood maintenance crew member had to dismantle the conveyor belt in order to free Plaintiff Patricia Strange's foot. [*Id.*]. Plaintiffs allege that Plaintiff Patricia Strange suffered a displaced metatarsal fracture and deep lesions on the top and bottom of her right foot, where the metal parts and/or rollers essentially ripped the skin down to the ligaments in her foot, requiring multiple skin graft procedures among other treatments and surgical procedures. [*Id.* at ¶ 22]. Plaintiffs allege negligence, violations of the Tennessee Products Liability Act, breach of express warranty, breach of implied warranty of merchantability and of fitness for a particular purpose, strict liability, res ipsa loquitor, failure to warn, and loss of consortium. [*Id.* at 4-16].

The instant Motion relates to a subpoena that Defendant Van Stone Conveyor, Inc., ("Van Stone") served on The Dollywood Company ("Dollywood"), a nonparty to this action.

## II. POSITIONS OF THE PARTIES

Dollywood's Motion [Doc. 32] states that the subpoena requires disclosure of privileged and confidential information and would subject Dollywood to an undue burden. Dollywood has set forth five areas of materials that it should not have to produce pursuant to Federal Rule of Civil

Procedure 45. In addition, Dollywood relies on its Objections to Subpoena [Doc. 32-2], a document that sets forth its objections to each request in the subpoena.

Defendant Van Stone filed a Response [Doc. 35], stating that its counsel conferred with Dollywood and resolved items numbered 2 through 10 in the subpoena. Defendant Van Stone states that the remaining issue is the production of Dollywood's settlement agreement with Plaintiffs. Defendant Van Stone argues that the settlement agreement between Dollywood and Plaintiffs should be produced because its contents may be discoverable as to the issue of Plaintiffs' bias and/or credibility in their testimony. Defendant Van Stone explains that it will require the testimony of multiple representatives of Dollywood in its defense of the lawsuit because the alleged incident occurred on Dollywood's property. In addition, Defendant Van Stone states that it also requires the testimony of Plaintiff Patricia Strange. Defendant Van Stone argues that it needs to explore any bias of Plaintiffs in favor of Dollywood due to the settlement agreement. Finally, Defendant Van Stone states that it is willing to enter into a protective order regarding the use of the settlement agreement in this litigation.

Plaintiffs filed a Response [Doc. 39], stating that the settlement agreement is confidential and not relevant to the claims and defenses in this action. Further, Plaintiffs state that Defendant Van Stone's subpoena did not request, and Dollywood did not produce, all of the relevant materials within Dollywood's possession, custody, and control. Plaintiffs continue that they asked Dollywood to voluntarily produce nine separate categories of relevant documents and that to date, Dollywood has not responded to this request.[1]

---

[1] It does not appear that Plaintiffs are requesting that the Court order such production. In any event, if Plaintiffs seek Court action, they must file a motion in accordance with Federal Rule of Civil Procedure 7(b)(1) ("A request for a court order must be made by motion.").

## III. ANALYSIS

The Court has considered the parties' filings. Accordingly, for the reasons set forth below, the Court finds the Motion to Quash [Doc. 32] not well taken.

As an initial matter, it appears that the only issue before the Court is whether Dollywood should produce to Defendant Van Stone the settlement agreement that Dollywood entered into with Plaintiffs. Rule 26(b)(1) of the Federal Rules of Civil Procedure provides, in relevant part, "Parties may obtain discovery regarding any *non-privileged* matter that is relevant to any party's claim or defense and proportional to the needs of the case." (Emphasis added). Although the Sixth Circuit recognizes that the settlement privilege protects settlement negotiations from discovery, "this privilege does not extend to the terms of the final agreement." *State Farm Mutual Automobile v. Physiomatrix, Inc.*, No. 12-cv-11500, 2014 WL 10294813, at *1 (E.D. Mich. Apr. 24, 2014) (citing *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.,* 332 F.3d 976, 981 (6th Cir. 2003)). The undersigned has previously observed, *Kelley v. Apria Healthcare, Inc.*, No. 3:13-CV-096, 2016 WL 737919, at *3 (E.D. Tenn. Feb. 23, 2016), that a number of district courts have held that settlement agreements are not privileged. *State Farm*, 2014 WL 10294813, at *1; *Wagner v. Circle Mastiffs*, No. 2:09-cv-0172, 2013 WL 2096655, at *3 (S.D. Oh. May 14, 2013); *Oberthaler v. Ameristep Corp.*, No. 5:08-1613, 2010 WL 1506908, at *1 (N.D. Oh. Apr. 13, 2010). "This is true even where the agreement is designated as 'confidential.'" *State Farm*, 2014 WL 10294813, at *1.

Because a settlement agreement is not privileged, the only questions before this Court are whether the settlement agreement is relevant and whether the request for the settlement agreement is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Defendant Van Stone argues that the settlement agreement is relevant with respect to any bias of Plaintiffs in favor of

4

Dollywood. Plaintiffs respond that the settlement agreement is not relevant to the claims and defenses in this case. The Court finds that Defendant Van Stone has established that the settlement agreement is relevant. *See Wagner*, 2013 WL 2096655, at *6 (explaining that with issues of bias, "settlement agreements frequently are found to be discoverable in order to allow the requesting party to explore these issues with respect to witnesses"). In *Goodyear*, the Sixth Circuit noted, "[T]here is no point in introducing bias evidence against a party-opponent. Any Goodyear executive who takes the stand on Goodyear's behalf will be presumed biased in favor of the company position." 332 F.3d at 982. In this case, Defendant Van Stone intends to show the Plaintiffs have cause to be biased in favor of a non-party, Dollywood.

The Court observes that Plaintiffs simply argue that the settlement agreement is not relevant, without providing any explanation as to why it is not relevant. The Court finds Defendant Van Stone has made a sufficient showing that the settlement agreement is relevant under Rule 26, and Plaintiffs have not set forth any counter-argument. *See Hadfield v. Newpage Corp.*, No. 5:14-cv-00027, 2016 WL 427924, at *3 (W.D. Ky. Feb. 3, 2016) (explaining that the threshold to show relevancy is "relatively low"). The Court does not, however, opine on whether such evidence is admissible at trial, and the parties are permitted to file motions *in limine* as set forth in the Scheduling Order.

The Court has also weighed the Rule 26(b)(1) factors and finds that these factors weigh in favor of producing the settlement agreement. Because the terms are confidential, Defendant Van Stone will not be able to access this information from another source. While no party has alleged that producing the settlement agreement will resolve the case, there is little burden or expense, if any, on the part of the nonparty, Dollywood, to produce the settlement agreement. Moreover, in their Complaint, Plaintiffs request $3,250,000.00 in compensatory damages. [Doc. 20 at 15]. In

addition, they have requested punitive damages. [*Id.*]. Thus, the amount of potential damages is significant.

Finally, Defendant Van Stone stated that it is willing to enter into a protective order regarding the use of the settlement agreement in litigation. The Court agrees that the settlement agreement should be subject to an agreed protective order submitted by the parties. Upon entry of the protective order, the settlement agreement shall be immediately provided to Defendant Van Stone.

**IV.    CONCLUSION**

Accordingly, based on the foregoing conclusions, the Court **DENIES** the Motion to Quash [**Doc. 32**].

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge